B"H

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF NEW YORK

Teman, Ari                                    Civil Action No. 23-cv-_____

*Plaintiff, pro se*

Vs

Does 1-10 as "Does",

Granicus, Inc. as "Granicus"

T-Mobile USA, Inc. as "T-Mobile"

## COMPLAINT

Plaintiff Ari Teman ("Teman") as and for its Complaint against defendants Doe 1 and Does 2-10 ("Does"),

Granicus, Inc. ("Granicus"), and T-Mobile USA, Inc. ("T-Mobile"), alleges as follows:

**Statement of the Case**

1. This is a Complaint for Impersonation and Defamation, as well as Negligence and Fraud. This arises
   from false and defamatory statements made by Defendant about Plaintiff and from Defendant's
   impersonation of Plaintiff to multiple federal law enforcement agencies, the White House, and private
   parties over a period of months up-to and including, but not limited to, January 4th and 5th, 2023.

2. Defendant Doe(s) have impersonated Teman and illegally accessed his accounts and social media for the
   past year or more. Doe(s) do this in a pattern where they access or otherwise illegally use Teman's
   accounts (email and social media) when they know Teman to be offline or in medical treatment. That is,
   they stalk Teman and when they know he will be offline for religious holidays or medical procedures,
   they access or impersonate his accounts.

3. Upon information and belief they have done this to defame Teman and damage trust people have in him by making it appear Teman is sending messages and making posts and contact which he did not actually make.

4. This is done not only to inflict emotional duress but to gain personal advantage with people loyal to and in relationships with Teman.

5. Based on representations made by an Officer (detective) of the Miami Beach Police Department ("MBPD") to Teman's Appellate Attorney the IP addresses of Does originated on January 4th and 5th from a "Federal Building" near City Hall Park.

6. The IP addresses ( 172.56.34.78 and 172.58.228.71 ) belong to Defendant T-Mobile according to ARIN Whois  (e.g. https://search.arin.net/rdap/?query=172.56.34.78 ) and this was confirmed by the Miami Beach Police Department.

7.  It is certainly troubling that anyon is intentionally and fraudulently sending messages impersonating Teman to Federal Agencies, the White House, and at least one Law Firm, that this individual or individuals appears to time these impersonations when they know or suspect Mr. Teman will be offline for religious or medical reasons, and that this appears to be an ongoing and concerted effort over multiple days and even months.

8. Thus, it is imperative that the identity of Doe(s) be immediately revealed and that restraining orders and/or other protective measures be taken by the court.

9. Defendants Granicus (a direct competitor to Plaintiff's company SubletSpy (Touchless Labs LLC)) with an address at "1999 Broadway, Suite 3600, Denver, Colorado 80202", T-Mobile, T-Mobile affiliated entities as "TMoes" Does 3-10, Doe(s) 11-20, did on an ongoing basis fraudulently use Teman's identity, technology, assets, and intellectual property to harass and harm Teman, and did so by making fraudulent agreements and online sign ups with federal agencies, including law enforcement with which Teman is in litigation.

10. Notably, Defendant T-Mobile and "TMoes" refused multiple requests to provide the IP address and log information for the fraudster(s), despite Granicus acknowledging the sign ups were fraudulent and were removed.

11. Defendant Granicus is in violation of opt-in email marketing laws. Upon information and belief Granicus violates these laws willingly to inflate and fraudulently bill government agencies for bogus sign ups. Teman therefore notes that this is also a Whistle-blower case, should these agencies choose to join the suit.

12. T-Mobile, which has contractual disputes ongoing with Teman's companies and has previously breached agreements, stands to benefit from the ongoing harassment and impersonation of Teman and upon information and belief is facilitating the ongoing harassment, defamation, IP theft, and participating in obstruction preventing the identification of the fraudster(s) Doe(s).

13. Granicus was repeatedly negligent and failed to protect Teman despite the fraud going on for days. Granicus serves hundreds of government entities and thousands of public sector organizations and is fully aware of its obligations and industry standards to protect individuals against such impersonation and harassment and defamation. Granicus says of itself, "The largest cloud solutions provider for government Granicus provides technology that empowers government organizations to create better lives for the people they serve. By offering the industry's leading cloud-based solutions for communications, meeting and agenda management, and digital services to more than 4,000 public sector organizations, Granicus helps turn government missions into quantifiable realities. Granicus products connect more than 160 million people, creating a powerful network to enhance government transparency and citizen engagement." This was the opposite of Government transparency, this was negligence, defamation, and fraud.

14. Granicus  is also a publisher and editor of content in addition to being a platform and cannot claim immunity under Section 230 or otherwise.

15. T-Mobile was repeatedly negligent and failed to protect Teman despite the fraud going on for days. They continue to protect and enable the fraudsters

16. T-Mobile is also a publisher and editor of content in addition to being a platform and cannot claim immunity under Section 230 or otherwise.

17. T-Mobile and its legal counsel and executives have repeatedly ignored requests to provide the identity of Does despite Does having no expectation of privacy for committing the aforementioned illegal acts, and thus T-Mobile and its legal counsel are actively facilitating the ongoing harm to Plaintiff.

18. The Plaintiff apologizes to the Court for this hastily prepared suit, and begs the Court's understanding that there is an urgency to identify and stop the Does from causing trouble for the Plaintiff with Law Enforcement and personal relationships. The Court will please allow the Plaintiff to amend this suit pending the identification of the Doe(s) and a richer understanding of their actions after they are identified.

**Parties**

19. Plaintiff Teman is an individual with a residence in Miami Beach, Florida, and who is a party in multiple cases in New York, including this District Court (*United States v Teman*), and who is an executive in multiple other cases in this district (*GateGuard v. MVI Systems, GateGuard v Goldmont, etc.*).

20. Defendant Does are individuals or an individual, some of whom, who were, according to the MBPD present in or near a Federal Building near City Hall Park, New York, New York, and may very well be officers of this Court, or a Federal Employee. (These Does may have also been at other locations,

obviously, *at the other times* they violated the rights and property of the Plaintiff.)

21. Defendant T-Mobile USA, Inc. ("T-Mobile") is a Delaware corporation with its principal place of business at 12920 SE 38th Street, Bellevue, WA 98006. T-Mobile USA, Inc. may be served through its registered agent, Corporation Service Company, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

22. Defendant Granicus, INC is California corporation with a registered address at 1999 Broadway Ste 3600 Denver, CO, 80202-5740 United States[1], and multiple other addresses, including one it shares with Defendant Granicus, LLC at 408 St Peter St, St Paul, MN 55102, and may be served via "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE", with agent address as 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO, CA 95833.

23. Defendant Granicus, LLC, is a Minnesota Limited Liability Company, 408 Saint Peter Street, Suite 600, Saint Paul, MN 55102,[2] and may be served via "CORPORATION SERVICE COMPANY WHICH WILL DO BUSINESS IN CALIFORNIA AS CSC - LAWYERS INCORPORATING SERVICE", with agent address as 2710 GATEWAY OAKS DR STE 150N, SACRAMENTO, CA 95833.

24. Defendants Granicus INC and Granicus LLC may hereby be referred to collectively as "Granicus".

**Jurisdiction and Venue**

---

[1] https://opencorporates.com/companies/us_ca/2204926
[2]  (Per https://weho.granicus.com/MetaViewer.php?view_id=22&clip_id=3404&meta_id=171353 )

25. This Court has jurisdiction over this dispute because complete diversity exists under 28 U.S.C. § 1332 and the amount in dispute exceeds $75,000 exclusive of interest and Costs.

26. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this action occurred here. Based on representations made by Detective in the Miami Beach Police Department to Mr. Teman's Appellate Counsel in *US v Teman*, Does' IP addresses were traced in or near downtown Manhattan, NYC, in a "Federal Building" near City Hall Park, and therefore SDNY would be the correct venue.

**Factual Background**

27. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

28. The factual background is adequately explained in the Statement of the Case and thus the Plaintiff will spare the Courts' time restating it and note that facts stated there and above should be reincorporated herein.

29. The Plaintiff respectfully submits that due to the lack of knowledge of the identity of Does, the full extent of their impersonation and other tortious behavior against the Plaintiff cannot be fully known at this time by the Plaintiff. It is highly likely that these Does are the same who have been impersonating the Plaintiff to others for the past nearly two (2) years, and this can only be ascertained following proper discovery into the identity of the individuals whose IP addresses the Miami Beach Police Department ("MBPD") traced to a Federal Building near City Hall Park. The Court should therefore please excuse and give leeway to the Plaintiff for the broadness of some claims based on limited information.

30. The Plaintiff submits that for the past two years (Approximately) Doe(s) have been impersonating the Plaintiff to multiple individuals across state lines and even internationally.

31. They have used the Plaintiff's email address, social media, and even "spoofed" phone numbers and claimed to be him to individual(s) he's dated or otherwise had relationships with.

32. Upon information and believe, Doe(s) have illegally accessed accounts of the Plaintiff.

33. Doe(s) have created fake emails and identities to defame the defendant in an attempt to sabotage the Defendant's legal defense fundraising and business.

34. The obvious point of these activities is to harass these individuals and cause harm to their relationship with the Defendant and/or the Defendant's reputation and even put the Defendant at-risk of

**Claims for Relief**

35.  Based on the above allegations, Plaintiff brings this action and asserts the following claims, and others, which will be further outlined below:

    a.   Violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., for Defendants' Does and Granicus's false statements to federal law enforcement agencies and the White House.

    b.  Violation of the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq., for Defendant's unauthorized interception of Plaintiff's communications with federal law enforcement agencies and the White House.

    c.  Defamation per se, based on Defendant's false and defamatory statements about Plaintiff, which have caused harm to Plaintiff's reputation and goodwill.

    d.  Invasion of Privacy, for Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House.

    e.  Intentional Infliction of Emotional Distress, for the severe emotional distress and harm caused to Plaintiff by Defendants' actions.

**CAUSE OF ACTION 1**

**Violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 (Against Does)**

36. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

37. Defendant Doe(s) did violate the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., by making false statements to federal law enforcement agencies and the White House using the Plaintiff's identity and email address.

38. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

39. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

40. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the Federal False Claims Act, 31 U.S.C. §§ 3729.


**CAUSE OF ACTION 2**

**Violation of the Federal False Claims Act, 31 U.S.C. §§ 3729 (against Granicus)**

41. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

42. Defendant Granicus did violate the Federal False Claims Act, 31 U.S.C. §§ 3729 et seq., by making false statements to federal law enforcement agencies and the White House using the Plaintiff's identity and email address.

43. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future

income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

44. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

45. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the Federal False Claims Act, 31 U.S.C. §§ 3729.


**CAUSE OF ACTION 3**

**Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq (against Does)**

46. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

47. Defendant Doe(s) did violate the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq, by making false statements to federal law enforcement agencies and the White House using the Plaintiff's identity and email address and by the Defendants' unauthorized interception of Plaintiff's communications with federal law enforcement agencies and the White House.

48. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

49. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

50. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the Federal False Claims Act, 31 U.S.C. §§ 3729.

## CAUSE OF ACTION 4

### Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq (against Granicus)

51. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

52. Defendant Doe(s) did violate the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq, by making false statements to federal law enforcement agencies and the White House using the Plaintiff's identity and email address and by the Defendants' unauthorized interception of Plaintiff's communications with federal law enforcement agencies and the White House.

53. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

54. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

55. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the Federal False Claims Act, 31 U.S.C. §§ 3729.

## CAUSE OF ACTION 5

### Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq (against T-Mobile)

56. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

57. Defendant T-Mobile  did violate the Federal Wiretap Act, 18 U.S.C. §§ 2510 et seq, by facilitating the making of and the making of false statements to federal law enforcement agencies and the White House using the Plaintiff's identity and email address and by the Defendants' unauthorized interception of Plaintiff's communications with federal law enforcement agencies and the White House.

58. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

59. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

60. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the Federal False Claims Act, 31 U.S.C. §§ 3729.

## CAUSE OF ACTION 6

### DEFAMATION (AGAINST DOES)

61. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

62. The defamatory statements made by Defendant were false and have caused Plaintiff to suffer harm to his reputation and goodwill.

63. Defendant knew or should have known that the statements were false and made with the intention of causing harm to Plaintiff's reputation.

64. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

65. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

66. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 7

## DEFAMATION (AGAINST GRANICUS)

67. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

68. The defamatory statements made by Defendant were false and have caused Plaintiff to suffer harm to his reputation and goodwill.

69. Defendant knew or should have known that the statements were false and made with the intention of causing harm to Plaintiff's reputation.

70. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

71. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,

embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

72. Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 8

## INVASION OF PRIVACY (AGAINST DOES)

73. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

74. Defendant Doe(s) did commit Invasion of Privacy, for Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House, as well as private individuals and at least one law firm.

75. Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

76. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

77. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

78. Defendants' illegal and discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 9

## INVASION OF PRIVACY (AGAINST GRANICUS)

79. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

80. Defendant Granicus did commit Invasion of Privacy, for Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House, as well as private individuals and at least one law firm.

81. Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

82. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

83. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

84. Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 10

## INVASION OF PRIVACY (AGAINST T-Mobile)

85. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

86. Defendant T-Mobile did commit Invasion of Privacy, for Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House, as well as private individuals and at least one law firm.

87. Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

88. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

89. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

90. Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 11

### Intentional Infliction of Emotional Distress (AGAINST Does)

91. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

92. Defendant Does did commit Intentional Infliction of Emotional Distress against Plaintiff through the Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House, as well as private individuals and at least one law firm.

93. Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

94. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

95. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

96. Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 12

### Intentional Infliction of Emotional Distress (AGAINST Granicus)

97. Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

98. Defendant Granicus did commit Intentional Infliction of Emotional Distress against Plaintiff through the Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House.

99. Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

100.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and

future income, compensation and benefits, for which she is entitled to an award of monetary damages

and other relief.

101.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and

continues to suffer, severe mental anguish and emotional distress, including, but not limited to,

humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional

pain and suffering for which she is entitled to an award of monetary damages and other relief.

102.    Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or

reckless disregard of Plaintiff's rights.

**CAUSE OF ACTION 12**

**Intentional Infliction of Emotional Distress (AGAINST T-Mobile)**

103.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

104.    Defendant T-Mobile did commit Intentional Infliction of Emotional Distress against Plaintiff through

the Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law

enforcement agencies and the White House, as well as individuals and at-least one law firm.

105.    Defendant knew or should have known that it was invading the Plaintiff's privacy and using the

Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's

reputation.

106.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and

continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and

future income, compensation and benefits, for which she is entitled to an award of monetary damages

and other relief.

107.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and

continues to suffer, severe mental anguish and emotional distress, including, but not limited to,

humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

108.    Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 13

### Negligent Infliction of Emotional Distress (AGAINST Granicus)

109.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

110.    Defendant Granicus did commit Negligent Infliction of Emotional Distress against Plaintiff through the Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House.

111.    Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

112.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

113.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

114.    Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

## CAUSE OF ACTION 14

**Negligent Infliction of Emotional Distress (AGAINST T-Mobile)**

115.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

116.    Defendant T-Mobile did commit Negligent Infliction of Emotional Distress against Plaintiff through the Defendant's unauthorized use of Plaintiff's identity to make false statements to federal law enforcement agencies and the White House, as well as individuals and at-least one law firm.

117.    Defendant knew or should have known that it was invading the Plaintiff's privacy and using the Plaintiff's identity without permission, and did so with the intention of causing harm to Plaintiff's reputation.

118.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

119.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

120.    Defendants' illegal actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights.

**CAUSE OF ACTION 15**

**Discrimination in Violation of NYCHRL against Does**

121.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

122.    By the actions described above, Defendants discriminated against Plaintiff based on his religion and status (pending appeal) in US v Teman, in violation of the NYCHRL

123.    By the actions described above, Defendants did violate NYCHRL, which " prohibits retaliation, bias-related harassment, (including cyberbullying), bias-related profiling by law enforcement, and discrimination". Upon information and belief at least one Doe is a law enforcement officer in SDNY.

124.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

125.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

126.    Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the NYCHRL.

## CAUSE OF ACTION 16

### Retaliation in Violation of NYCHRL against Does

127.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

128.    By the actions described above, Defendants retaliated against Plaintiff based on his religion and status (pending appeal) in US v Teman, in violation of the NYCHRL

129.    By the actions described above, Defendants did violate NYCHRL, which " prohibits retaliation, bias-related harassment, (including cyberbullying), bias-related profiling by law enforcement, and discrimination". Upon information and belief at least one Doe is a law enforcement officer in SDNY.

130.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and

future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

131.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

132.    Defendants' retaliatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the NYCHRL.

## CAUSE OF ACTION 17

### Discrimination in Violation of NYSHRL against Does

133.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

134.    By the actions described above, Defendants discriminated against Plaintiff based on his religion and status (pending appeal) in US v Teman, in violation of the NYSHRL

135.    By the actions described above, Defendants did violate NYSHRL. Upon information and belief at least one Doe is a law enforcement officer in SDNY.

136.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

137.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

138.    Defendants' discriminatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the NYCHRL.

## CAUSE OF ACTION 18

### Retaliation in Violation of NYCSRL against Does

139.    Plaintiff repeats and incorporates each of its prior allegations as if repeated in full herein.

140.    By the actions described above, Defendants retaliated against Plaintiff based on his religion and status (pending appeal) in US v Teman, in violation of the NYCHRL

141.    By the actions described above, Defendants did violate NYSHRL. Upon information and belief at least one Doe is a law enforcement officer in SDNY.

142.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits, for which she is entitled to an award of monetary damages and other relief.

143.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including, but not limited to, humiliation,  embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which she is entitled to an award of monetary damages and other relief.

144.    Defendants' retaliatory actions were willfully negligent, reckless or committed with a conscious or reckless disregard of Plaintiff's rights under the NYCHRL.

## ECF REQUEST & CONSENT

Plaintiff respectfully requests that his existing ECF access be granted and applied to this Case and consents to electronic notifications via ECF.

## JURY TRIAL SOUGHT

145.     Plaintiff requests trial by Jury.


**PRAYER FOR RELIEF**

WHEREFORE, plaintiff Teman prays for the following relief:

A.  Declaratory judgment that Defendant(s) Doe(s) violated Federal, State, and City laws;

B.  Declaratory judgment that Defendant Granicus violated Federal, State, City laws;

C.  Declaratory judgment that Defendant T-Mobile violated Federal, State, and City laws;

D.  An award of economic damages, no less than $75,000;

E.  An award of compensatory damages, no less than $75,000;

F.   An award of punitive damages, no less than $75,000;

G.  An award of fees and costs (including should the Plaintiff retain counsel, attorney's fees, and all attorney's fees accrued to-date to attempt to track-down the IPs);

H.  Order Defendant T-Mobile to provide the location information and any identifying information for Does using IP addresses 172.56.34.78 and 172.58.228.71 on January 4th and 5th, 2023.

I.   Order Defendant Granicus to implement double-opt-in confirmation emails before submitting personal information and forms on behalf of any email address to any client or agency. That is, require the submitter to click a link sent to the provided email before submitting the forms, as a means to confirm that email address is actually owned or accessible by the submitter.

J.   Issue a permanent restraining order against Does involved in the impersonation of Mr. Teman ordering them to not impersonate Mr. Teman to any agencies, to not contact Mr. Teman directly or indirectly, to stay at-least 5000 feet away from Mr. Teman at all times, to not follow or subscribe to any social media of Mr. Teman, and to not enter any venue where Mr. Teman is scheduled to appear or perform 72 hours before and until the next day. Or a similar restraining order of similar nature as the court sees fit.

K.  Such other and further relief as the Court may deem just and proper

Respectfully Submitted,

Ari Teman

Plaintiff, Pro Se

FEBRUARY 13, 2023  (22nd of Sh'vat, 5783)

ari@teman.com

1521 Alton Road, #888

Miami Beach, FL 33139

*FILED VIA EMAIL TO*

*Temporary_Pro_Se_Filing@nysd.uscourts.gov*