# PHILLIPS NIZER LLP

Richard P. Kaye
(212) 841-1341
rkaye@phillipsnizer.com

485 Lexington Ave
New York, NY 10017-2643
212.977.9700
Fax 212.262.5152

Continental Plaza
433 Hackensack Avenue
Suite 803
Hackensack, NJ 07601
201.487.3700

www.phillipsnizer.com

June 20, 2023

**Via ECF and E-Mail (ALCarterNYSDChambers@nysd.uscourts.gov)**
The Honorable Andrew L. Carter
United States District Court
Southern District of New York
40 Foley Square, Room 435
New York, New York 10007

    Re:    ***Teman v. Does 1-10, T-Mobile USA, Inc. and Granicus, Inc.***
            Docket No. 23-cv-01296 (ALC)

Dear Judge Carter:

       This Firm represents defendant Granicus, Inc. ("Granicus") in the above-referenced action (the "Action"). I write pursuant to Section 2A of Your Honor's Individual Practice Rules to request a pre-motion conference and to set forth the bases for Granicus's anticipated motion to dismiss pursuant to Fed. R. Civ. P. Rule 12(b)(6).

       As described by Plaintiff in his "Statement of the Case" this action is "for Impersonation and Defamation, as well as Negligence and Fraud" and allegedly arises "from false and defamatory statements made by Defendant and from Defendant's impersonation of Plaintiff "to multiple federal law enforcement agencies, the White House, and private parties over a period of months" through January 5, 2023. Compl. ¶1.[1] Plaintiff pleads that Defendant Doe(s) have impersonated him and illegally accessed and used his accounts and social media by "stalking" him when "they know he will be offline for religious or medical procedures". Compl. ¶2.

       Plaintiff pleads two (2) causes of action ("COA") against Granicus based upon Federal law and four (4) causes of action grounded in New York State law, as follows: violation of the Federal False Claims Act, 31 U.S.C. §§3729 et seq. (COA 2); violation of the Federal Wiretap Act, 18 U.S.C. §§2510 et seq. (COA 4); making false and defamatory statements (COA 7); invasion of privacy (COA 9); intentional infliction of emotional distress (COA 12)[2]; and negligent infliction of emotional distress (COA 13).[3]

---

[1] Plaintiff's reference to "Defendant" in the singular does not identify to which of the named defendants in the Action the alleged wrongful and actionable acts is attributable, nor do the definitions employed by Plaintiff shed light on which "Defendant" is connected to these allegations.
[2] Plaintiff erroneously pleads two Causes of Action in his complaint enumerated as "12"; one, at page 15, against Granicus, and another, at page 16, against defendant T-Mobile USA, Inc.
[3] It is worth noting that Plaintiff employs almost identical language for pleading each and every cause of action against Granicus and the other defendants, rendering each claim essentially indistinguishable from the other claim

PHILLIPS NIZER LLP

The Honorable Andrew L. Carter
June 20, 2023
Page 2

## Plaintiff's Federal False Claims Act and Federal Wiretap Act Causes of Action

The Federal False Claims Act ("FCA") imposes liability *to the U.S. Government* by any person who "(A) *knowingly* presents, or causes to be presented, a false or fraudulent claim for payment or approval; (B) *knowingly* makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim; …" 31 U.S.C. § 3729(a)(1). A "claim" is a request for money to the U.S. Government. 31 U.S.C. § 3729(b)(2). Rule 9(b) imposes a heightened pleading requirement on FCA claims. *United States ex rel. Ladas v. Exelis Inc.*, 824 F.3d 16, 26 (2d Cir. 2016) (affirming dismissal of FCA claims).

Teman's FCA allegation provides no specific false statement, payment request, timing or individuals involved.[4] (Comp. ¶ 42). Even considering allegations within the Complaint regarding "fraudulent agreements and online sign ups" and inflated billings (Compl. ¶¶ 9, 11), there are no specifics and no evidence of how the U.S. Government pays Granicus. *See Ladas*, 824 F.3d at 25 (must identify fraudulent statements, speaker, where and when made, and why fraudulent). Teman also alleges his own damages (Compl. ¶¶43-44), unavailable under the FCA. 31 U.S.C. § 3729(a)(1); 3730(d) (providing civil penalties and a percentage to private plaintiff).

The Federal Wiretap Act (part of the Electronic Communications Privacy Act (ECPA)) makes it unlawful to "intentionally intercept, endeavor to intercept, or procure any other person to intercept" a wire, oral, or electronic communication, or to use the contents of any such communication "knowing or having reason to know that the information was obtained in violation of [the Act]." 18 U.S.C. § 2511(1)(a),(c); *Tantaros v. Vox News Network LLC*, 2018 WL 2731268, *7 (SDNY May 18, 2018).

Teman's Federal Wiretap Act allegation against Granicus includes no allegation of *intentional* interception; no specific instance of an actual interception; nor the individuals and agencies involved and the specific content allegedly intercepted. (Compl. ¶ 52).[5]

The omission of any allegation of intentionality in and of itself requires dismissal of the FWA allegation. *In re Pharmatrak, Inc.*, 329 F.3d 9, 23 (1st Cir. 2003) ("inadvertent interceptions are not a basis for criminal or civil liability under the ECPA"); *Tantaros*, 2018 WL 2371268 at *7-8 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) ("dismissal of Plaintiff's wiretap claim is appropriate because Plaintiff has failed to allege a basic element of this cause of action: an *actual interception* of her wire, oral, or electronic communications…").

As such, Granicus will move to dismiss Teman's FCA and FWA allegations because Teman does not plead with particularity and does not state a claim for which relief can be granted. Rules 9(b), 12(b)(6), Fed.R.Civ.P.; *Iqbal*, 556 U.S. at 678; *Bell Atl. Corp. v. Twombly*,

---

regardless of the facts and legal theory upon which claim is based. Plaintiff's predicate statement in each enumerated cause of action that he "repeats and repeats and incorporates each of [his] prior allegations" does not serve to address the substantive defects of each individual cause of action as presented.

[4] Teman adhered to none of the mandated "qui tam" procedures under the FCA - brought in the name of and served on the U.S. Government, filed under seal, and not initially served on the defendant, so that the U.S. Government can decide whether to proceed with the case. 31 U.S.C. § 3730(b).

[5] The FWA allegation is confusingly preceded in the same paragraph by verbatim repetition of Teman's Federal False Claims Act allegation.

PHILLIPS NIZER LLP

The Honorable Andrew L. Carter
June 20, 2023
Page 3

550 U.S. 544, 570 (2007). As will be briefed in more detail, the Supreme Court's "plausibility" standard is not met. Ashcroft, 556 U.S. at 678 (plausibility requires "more than a sheer possibility that a defendant has acted unlawfully.").

### Plaintiff's State Claims

Defamation: Plaintiff alleges that Granicus made defamatory statements which were false and caused him to suffer harm. (Compl. ¶¶68 and 69). To establish a claim for defamation under New York law, a plaintiff must prove that: (1) the defendant published a defamatory statement of fact to a third party, (2) the statement of fact was false, (3) the false statement of fact was made with the applicable level of fault, and (4) either the false statement was defamatory per se or caused the plaintiff special harm. *Medcalf v. Walsh*, 938 F. Supp. 2d 478, 485 (S.D.N.Y. 2013). Even with incorporation by reference of Plaintiff's "Statement of the Case" and "Factual Background" sections of his pleading, Plaintiff's Cause of Action 7 fails completely to set forth in detail or even generally what statement(s) he alleges were defamatory, false, and/or harmful. As such, Granicus will seek to dismiss Plaintiff's Cause Action 7.

Invasion of Privacy: Plaintiff alleges that Granicus "did commit Invasion of Privacy, for Defendant's unauthorized use of Plaintiff's identity to make false statements. (Compl. ¶¶80-81). New York does not recognize a cause of action for invasion of privacy. In New York, the right of privacy is governed exclusively by sections of the Civil Rights Law prohibiting use of a person's name, portrait or picture for advertising or trade purposes without prior written consent. *See, e.g. Howell v. New York Post Company, Inc.*, 81 N.Y.2d 115, 5906 N.Y.S.2d 350, 612 N.E.2d 699 (1993). Teman's complaint is bereft of any allegations, let alone facts, that could support his claim for invasion of privacy. For these reasons, Granicus will seek to dismiss Plaintiff's Cause of Action 9.

Intentional and/or Negligent Infliction of Emotional Distress: A cause of action for either intentional or negligent infliction of emotional distress must be supported by allegations of conduct by the defendant(s) so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Even though a cause of action for negligent infliction of emotional distress no longer requires physical injury as a necessary element, generally it must be premised upon the breach of a duty owed to plaintiff which either unreasonably endangers the plaintiff's physical safety, or causes the plaintiff to fear for his or her own safety. Such extreme and outrageous conduct must be clearly alleged in order for the complaint to survive a motion to dismiss. *See, e.g. Sheila C. v. Povich*, 11 A.D.3d 120, 781 N.Y.S.2d 342 (3d Dep't 2004)[internal citations omitted]. Here again, Plaintiff's pleading fails to address any of the elements of these causes of action and merely alleges improper conduct and claimed harm in conclusory terms and without facts. Therefore, Granicus will seek to dismiss Plaintiff's Cause Action 12 and 13.

PHILLIPS NIZER LLP

The Honorable Andrew L. Carter
June 20, 2023
Page 4

      For these reasons, Granicus respectfully requests that the Court schedule a pre-motion conference on the proposed motion.

      Respectfully submitted,

PHILLIPS NIZER LLP

Richard P. Kaye